UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ZACK THOMAS,

    Defendant.

Case No. 18-20597
Honorable Laurie J. Michelson

**ORDER ON REQUEST FOR COMPASSIONATE RELEASE [58]**

Because of the ongoing coronavirus pandemic, the Court received a letter from Defendant Zack Thomas' friend, Erica Porter, explaining why Thomas believes extraordinary and compelling reasons exist to grant him compassionate release and seeking the appointment of counsel. (ECF No. 58.) The Court asked the Government to respond, which it did. (ECF No. 61.) At this time, a hearing is not warranted. *See* E.D. Mich. LR 7.1(f). While the Court is not unsympathetic to the plight of Thomas or his family, far from being "out of the ordinary," his situation is undoubtedly familiar to many inmates. The request will be denied without prejudice.

**I.**

On November 19, 2015, Zack Thomas sold a semi-automatic pistol and about seven grams of cocaine in a residence in Flint, Michigan. (ECF No. 42, PageID.98–99.) At that time, Thomas had prior felony convictions for attempted assault with a dangerous weapon and felony firearm. (*Id*. at PageID.99.) Thomas was charged in a federal-court indictment and ultimately pled guilty on June 19, 2019, to being a felon in possession of a firearm and distribution of cocaine. (ECF No. 42.) He received a sentence of 36 months' imprisonment, which was below the guidelines range. (ECF No. 53.) Thomas is presently serving his sentence at the Fort Dix Federal Correctional

Institution in New Jersey. *Find an Inmate*, Bureau of Prisons, https://www.bop.gov/inmateloc/. His projected release date is October 14, 2022. (*Id*; ECF No. 61-2, PageID.232.)

Thomas was previously housed at FCI McKean in Pennsylvania. While there, he submitted two requests to the warden seeking compassionate release. (ECF No. 58, PageID.198; ECF No. 62-2.) Those requests were denied. (ECF No. 58, PageID.199; ECF No. 62-2.) On April 6, 2021, the Court received a letter from Erica Porter on behalf of Thomas. (ECF No. 58.) Thomas identifies Porter as a long-time family friend. (ECF No. 62-2, PageID.287.) The letter states that "extraordinary or compelling circumstances exist which Mr. Zack Thomas believes warrant consideration for compassionate release with home confinement." (ECF No. 58, PageID.195.) As a result of the coronavirus pandemic and its attendant restrictions, those circumstances are (1) an inability for Thomas to receive needed rehabilitative services as a result of BOP lockdowns and suspension of programming, like the Residential Drug Abuse Program (RDAP) and (2) hardship to Thomas' family due primarily to his girlfriend's inability to work because their children are being homeschooled and the loss of Thomas' financial support. (*Id*.) The letter further advises that Thomas believes his early release to home confinement would not pose a danger to the community and sets forth his proposed release plan. (*Id*. at PageID.195–196.) The government opposes Thomas' early release from prison. (ECF No. 61.) The government does not believe that Thomas has set forth any extraordinary and compelling reasons warranting compassionate release or that an evaluation of the relevant sentencing factors under 18 U.S.C. § 3553(a) supports release. (*Id*.)

To the extent the letter "on behalf of Thomas" is intended to be a motion, it is not procedurally proper. The purported motion was not brought by Thomas and he cannot be represented by his non-lawyer friend. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *Zanecki v. Health*

*Alliance Plan*, 576 F. App'x 594 (6th Cir. 2014) (stating that a "nonlawyer can't handle a case on behalf of anyone except himself." (citation omitted)).

To the extent the letter is simply a request for counsel, the Court does not believe that relief is warranted at this time for the reasons that follow.

## II.

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to this rule is compassionate release. The compassionate release statute allows the Court to reduce a defendant's sentence if it finds, after a defendant has exhausted his administrative remedies or upon the lapse of 30 days from the receipt by the warden of a request for compassionate release, that "extraordinary and compelling reasons" warrant a reduction; that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and that the sentencing factors under 18 U.S.C. § 3553(a), to the extent they apply, support a reduction. 18 U.S.C. § 3582(c)(1)(A). "In cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

### A.

The statutory exhaustion requirement is mandatory. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Thomas sought compassionate release from the warden at FCI McKean based on the disruption in BOP programing and his family circumstances. (ECF No. 62-2.) These are the same reasons set forth in Thomas' letter. The government acknowledges that those issues have been adequately exhausted. (ECF No. 61, PageID.214.)

3

**B.**

The Sixth Circuit has made clear "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). "And, in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id*. at 519–20.

Unlike most inmate requests for compassionate release during the coronavirus pandemic, Thomas is not relying on any underlying medical conditions that may make him more vulnerable to severe illness from COVID-19. The letter does not mention any health issues. This may be due, in part, to the fact that Thomas has recently declined the COVID-19 vaccination (ECF No. 62-1 PageID.279, 285), thereby forgoing another avenue of protection from severe illness (besides early release from prison). *See, e.g.*, *United States v. Goston*, No 5:15-cr-20694, 2021 U.S. Dist. LEXIS 43686, at *3 (E.D. Mich. Mar. 9, 2021) (denying inmate's motion for compassionate release where he suffered from obesity and asthma, and refused the COVID-19 vaccine, because "his access to the COVID-19 vaccine mitigates any extraordinary and compelling reasons that might otherwise justify release."); *United States v. Macgregor*, No. 2:15-cr-20093, 2021 U.S. Dist. LEXIS 70118, at *3 (E.D. Mich. Mar. 12, 2021) (holding that defendant's refusal of vaccine defeated claim of extraordinary and compelling reasons for an inmate suffering from obesity and asthma).

Instead, Thomas is seeking compassionate release based upon the lack of access to rehabilitative services and family hardship issues. (ECF No. 58, PageID.195–196.) The Court appreciates Thomas' recognition of the importance to his future of participating in BOP treatment and training programs and understands his frustration at being deprived of these opportunities

4

during the pandemic. But as the conditions in the prisons and prison communities continue to improve, especially with the more wide-spread availability of the COVID-19 vaccinations, the BOP will hopefully be able to resume its programming and services. The reality is that the imposed lockdowns and disruption in programming affect most inmates. While this is truly unfortunate, it is not extraordinary. *See United States v. Sanders*, No. 19-20191, 2021 WL 510195, at *4 (E.D. Mich. Feb. 11, 2021) (explaining that a programming freeze was not extraordinary and compelling because it was temporary and affected all prisoners); *United States v. Sexton*, No. 2:19-CR-192, 2021 WL 128952, at *3 (S.D. Ohio Jan. 14, 2021) (finding that RDAP sentence credits were neither a guarantee nor condition of the defendant's incarceration, so the program's suspension was not extraordinary and compelling enough to justify compassionate release).

The same is true for the struggles Thomas' family is enduring during the pandemic. With their children attending school remotely, Thomas' significant other is unable to work full time and they have obviously lost Thomas' financial support. But in his request to the warden for compassionate release, Thomas references "a very strong reliable family support system." (ECF No. 62-2, PageID.287.) In addition to his significant other, this includes in-laws, his mother, his sister, and his sister-in-law. (*Id*.) It is unclear why this strong support system is not able to provide assistance with child-care. But as is the case with the prison conditions, these hardships on family members of inmates are not out of the ordinary. "A crime often inflicts harm, not only on a direct victim, but on those in a defendant's circle of family and friends who depend on that defendant for all manner of support." *United States v. Cole*, No. 18-20237, 2021 WL 194194, at *2–3 (E.D. Mich. Jan. 20, 2021) (observing that "district courts have routinely denied motions for compassionate release . . . even if their incarceration imposes substantial burdens on a spouse or co-parent to a minor child.") (collecting cases); *see also United States v. Schnabel*, No. 2:17-cr-

169, 2020 U.S. Dist. LEXIS 115970, at *12 (S.D. Ohio July 1, 2020) (denying compassionate release and finding "the incarceration of many inmates poses a hardship to their families. The defendant's family circumstances are not extraordinary."); *United States v. Edwards*, No. 19-20479, 2021 WL 1100265, at *3 (E.D. Mich. Mar. 23, 2021) (rejecting defendant's argument that the eviction of his fiancé and children during a pandemic counted as an extraordinary and compelling reason); *United States v. John*, No. 15-CR-208, 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020) (recognizing that the burden of single parenting was a "sad and inevitable consequence of defendant's incarceration," but one that could not shorten an "otherwise justly deserved sentence.").

Thus, the Court finds that Thomas has not shown any extraordinary and compelling reasons that warrant appointing counsel to pursue a motion for compassionate release.

## C.

As a result, the Court does not need to address the other issues raised in Thomas' letter, which pertain more to an evaluation of the § 3553(a) factors. The Court notes, however, that the government makes a strong argument as to why these factors would not support compassionate release either given Thomas' gang affiliation, criminal history involving weapons offenses and shooting someone, the underlying offense involving trafficking cocaine and a firearm, and a prison misconduct last August for "escape—return within 4 hours." (ECF No. 61, PageID.225–229.)

SO ORDERED.

Dated: May 18, 2021

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE